I)akiel, Judge»
 

 In the case of
 
 Carr
 
 v.
 
 Taylor,
 
 10
 
 *273
 
 Vesey, 578, the wife claimed a distributive share as next of kin to an intestate, who died while she was a
 
 feme covert j
 
 and the Master of the Rolls observed, that “ whatever controversy there might have'been upon the husband’s right to sue in his own name for the
 
 legal choses in action of Ms wife,
 
 he could not sue for this
 
 fund,
 
 without joining her; and if he had obtained a decree for it in her right, and died before he had reduced it in possession, it would have survived.” In
 
 Garforth
 
 v.
 
 Bradley, 2
 
 Ves. 675, it was a legacy left the wife during the coverture; the husband died before it was reduced into possession: Lord HaRdwicke said, it survived. He observed that, whenever a
 
 chase in action
 
 came to the wife, whether vesting
 
 before or after
 
 marriage, it would survive to the wife. In the case
 
 of Schuyler
 
 v.
 
 Hoyle,
 
 5 John. Ch. Rep. 196, all the authorities on this subject were reviewed by Chancellor Kent, after an elaborate and able argument by counsel on both sides; he came to the same conclusion, that the. distributive share survived to the wife. The plaintiffs’ counsel argue and say, that the reason why the husband could not in England reach his wife’s legacy or other property vested in trustees, was, that he had no legal interest, and was obliged to make application to chancery; the rule of which Court was, that he could not sue without joining her with him; and then the Court would make him provide for her, unless she consented to waive any provision. He says, that the policy of compelling the husband to make provision for the wife before he shall be permitted to recover her legacy or distributive share, has been repudiated in our Court of Chancery. And he contends, that as the reason for the rule having here ceased,, the rule itself ought to cease, and that the husband should be permitted to sue and recover in his own name; and if he died* his executors and administrators should have the legacy* and that it should not survive to the wife: that all the-property of the wife in possession and in action so far as-comes within the jurisdiction of the chancery, ought to belong to the husband, to counterbalance the privileges given her over his estate by the legislature. In answer to this reasoning, we have only to say, that it has never
 
 *274
 
 been considered as in conflict with our policy, that the
 
 choses in action
 
 which belong to the wife, whether legal or equitable, should survive to the wife if they were not reduced into possession by the husband during his life. The position that this legacy ought to vest in the husband, in analogy to the rule of law', which vests in him a legal chose in action, accruing to the wife during the coverture, is not accurate. For even at law if a husband does not elect to make a note his own by suing for it in his name, and alleging it to be given
 
 to Mm
 
 in the name of his wife, but sue for it in their joint names, it is taken to be her debt, and survives to her. Such is the state of this case. The decisions of the courts are, that they do survive. The judgment of the judge, was, in our opinion, correct.
 

 This opinion will be certified to the Superior Court of Wayne,- and the cause will there proceed.
 

 Per Curiam. Judgment affirmed.